# RANDY SCOTT ZELIN, P.C.

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Nuriye C. Uygur | FROM: Law Office of Randy Scott Zelin, P.C. Donna Marie Patti-Legal Assistant |
| COMPANY: Securities and Exchange Commission | DATE: 9/2/08 |
| FAX NUMBER: 215-597-2740 | NUMBER OF COPIES INCLUDING COVER: |
| PHONE NUMBER: | CV NUMBER: 08-cv-5110 (JSR) |
| RE: SEC v. Fontanetta, et al. | YOUR REFERENCE NUMBER: |

☑URGENT   ☑FOR REVIEW   ☐PLEASE COMMENT ☐PLEASE REPLY   ☐PLEASE RECYCLE

NOTES/COMMENTS:

Attached is our Answer in regard to the above matter.  It will also be forwarded by "ECF" and the original by mail.

THE INFORMATION CONTAINED ON THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW.  IF THE READER OF THIS MESSAGE IS NO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U. S. POSTAL SERVICE.  THANK YOU.

675 OLD COUNTRY ROAD, WESTBURY, NEW YORK 11590
OFFICE: 516-997-6900   FAX: 516-997-3278

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                                                                        Case no.: CV 08 5112 (JSR)

                         Plaintiff,                                     **ANSWER**

                  -against-                                             **TRIAL BY JURY**
                                                                        **DEMANDED**

JOSEPH A. FONTANETTA and BURR B. McKEEHAN,

                         Defendants.
------------------------------------------------------------------X

     Defendant Joseph Fontanetta ("Fontanetta"), by his attorneys, Randy Scott Zelin, P.C.,

and the Law Office of Douglas T. Burns, answers the complaint of plaintiff dated June 4th, 2008

(the "Complaint"), and respectfully alleges:

## ANSWER WITH RESPECT TO THE "SUMMARY"

    1.    Denies the allegations contained in ¶1 of the complaint (a) generally, to the extent

said allegations allege unlawful conduct on the part of Fontanetta; (b) specifically, that

Fontanetta (i) tipped; (ii) traded; (iii) possessed; (iv) used; (v) was aware of; material, non-public

information concerning the acquisition of Animas Corp. ("Animas") by Johnson & Johnson

("J&J"), or that (vi) Fontanetta owed a duty of trust and/or confidence to anyone, whether it be

directly, indirectly or derivatively; (vii) that Fontanetta knew defendant Burr B. McKeehan

"(McKeehan") "then traded in Animas stock in advance of the merger announcement"; admits

that (a) he had relationships with various people working at Animas Corp. ("Animas") as well as,

(b) at least one individual who had a relationship to an employee of Animas; (c) at some point in

or around December 16th , 2005, there was an announcement of an acquisition of Animas by

Johnson & Johnson ("J&J").

2.      With respect to the allegations contained in ¶2 of the complaint, admits that he had a telephone conversation with McKeehan in or around December 14th, 2005, and admits discussing the possible sale of Animas with McKeehan, but denies having given McKeehan any non-public information during the said telephone conversation; denies knowledge and information sufficient to form a belief as to the truth of the allegations alleging (a) McKeehan "began purchasing Animas stock"; (b) "McKeehan purchased a total of 30,000 shares of Animas stock, generating $183,018 in illegal profits".

3.      With respect to the allegations contained in ¶3 of the complaint, admits that at some point in or around December 16th , 2005, there was an announcement of an acquisition of Animas by J&J, but denies knowledge and information sufficient to form a belief as to the exact time of the said announcement, nor as to any particulars as to the price per share of Animas at any time before or after the said announcement.

4.      Denies the allegations contained in ¶4 of the complaint.

### ANSWER AS TO "JURISDICTION AND VENUE"

5.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶5 of the complaint as it relates to the alleged statutory basis for plaintiff's action; denies any wrongdoing or liability under the said authority.

6.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶6 of the complaint as it relates to the alleged jurisdictional basis for plaintiff's action; denies any wrongdoing or liability under the said authority.

7.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶7of the complaint as it relates to the alleged basis of venue for plaintiff's action; denies any wrongdoing or liability under the said authority.

### ANSWER AS TO "DEFENDANTS"

8.      Admits the allegations contained in ¶8 of the complaint.

9.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶9 of the complaint as it relates to McKeehan's personal data; admits that McKeehan has been an investor in Diopsys, Inc. ("Diopsys").

### ANSWER AS TO "RELEVANT ENTITY"

10.     Admits the allegations contained in ¶10 of the complaint as relates to Animas' headquarters and business; denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein relating to Animas' common stock and trading.

### ANSWER AS TO THE "FACTS"

11.     Admits the allegations contained in ¶11 of the complaint[1].

12.     Admits the allegations contained in ¶12 of the complaint[2], except; denies knowledge and information sufficient to form a belief as to the truth of the allegations that it was "Founder's wife" who recommended Fontanetta to "Founder".

13.     With respect to the allegations contained in ¶13 of the complaint, admits that (a) Diposys is a small, privately held medical instrumentation company, and; (b) Fontanetta has had discussions with McKeehan about investing in Diopsys, and that McKeehan and his son-in-law have made investments in Diopsys; denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein relating to (a) when Fontanetta had the aforesaid discussions with McKeehan about investing in Diopsys; (b) the specific amounts

---

[1] Assuming that "executive officer" is in fact Kathy Crothall, otherwise; denies knowledge and information sufficient to form a belief as to the truth of the allegation set forth in ¶11.

[2] Assuming that "Founder" is in fact Walter Greenfeld and "Founder's Wife" is Audrey Greenfeld, otherwise; denies knowledge and information sufficient to form a belief as to the truth of the allegation set forth in ¶12.

invested by McKeehan and his son-in-law in Diopsys; (c) the allegations that Diopsys "is continually seeking to raise capital".

14.    With respect to the allegations contained in ¶14 of the complaint, admits that at some point in or around 2005, Fontanetta hired McKeehan's daughter on Diopsys' behalf, but denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein relating to when that hiring occurred.

15.    With respect to the allegations contained in ¶15 of the complaint, admits that he was aware that J&J had invested in Animas; denies knowledge and information sufficient to form a belief as to the truth of the balance of the allegations contained in ¶15 of the complaint.

16.    With respect to the allegations contained in ¶16 of the complaint, admits that at some point in or around 2005, Fontanetta became aware through publically available information that J&J and another company had some level of interest in acquiring Animas.

17.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶17 of the complaint.

18.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶18 of the complaint.

19.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶19 of the complaint, except admits that at some point in or around December 16th, 2005, Fontanetta became aware through publically available information that J&J announced it would acquire Animas.

20.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶20 of the complaint.

21.    Admits the allegations contained in ¶21 of the complaint.

22.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶22 of the complaint as to the facts and as to the legal conclusion set forth therein.

23.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶23 of the complaint.

24.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶24 of the complaint, as it calls for a legal conclusion.

25.    With respect to the allegations contained in ¶25 of the complaint, admits that Fontanetta and "Founder" (a) had a personal and business relationship; (b) knew each other for many years; (c) both sat on the Board of Directors of Diopsys, however; denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein relating to the (a) nature, extent and closeness of the relationship and (b) what was talked about; (c) what was reported, how often, and when same was reported.

26.    With respect to the allegations contained in ¶26 of the complaint, admits that in or around December 12th, 13th and 14th, 2005, Fontanetta was in California on business working with McKeehan's daughter, who was employed by Diopsys.

27.    With respect to the allegations contained in ¶27 of the complaint, admits that Fontanetta spoke with "Founder" by telephone; denies knowledge and information sufficient to form a belief as to the truth of the allegations concerning the time and duration of the call and where Greenfeld was at the time.

28.    Denies the allegations contained in ¶28 of the complaint.

29.    Denies the allegations contained in ¶29 of the complaint.

30.    Admits the allegations contained in ¶30 of the complaint, however; denies having

provided McKeehan's daughter, McKeehan, or anyone for that matter, with material non-public information concerning Animas.

31.    With respect to the allegations contained in ¶31of the complaint, admits that in or around December 14th, 2005, Fontanetta spoke with McKeehan by telephone and did discuss Animas, however; denies having provided McKeehan with material non-public information concerning Animas, moreover; denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein relating to what McKeehan's daughter told McKeehan or when the conversation took place.

32.    Denies the allegations contained in ¶32 of the complaint.

33.    Denies the allegations contained in ¶33 of the complaint.

34.    With respect to the allegations contained in ¶34of the complaint, admits that Fontanetta had a conversation with McKeehan's daughter concerning Animas, however; denies having provided McKeehan's daughter with material non-public information concerning Animas.

35.    With respect to the allegations contained in ¶35 of the complaint, denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein relating to conversations between McKeehan and his daughter, including, what McKeehan's daughter told McKeehan or when the conversation took place.

36.    With respect to the allegations contained in ¶36 of the complaint, admits that Fontanetta had a conversation with McKeehan concerning Animas, however; denies having provided McKeehan with material non-public information concerning Animas, moreover; denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein relating to when the said conversation took place and its duration.

37.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶37 of the complaint.

38.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶38 of the complaint.

39.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶39 of the complaint.

40.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶40 of the complaint.

41.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶41 of the complaint.

42.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶42 of the complaint.

43.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶43 of the complaint.

44.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶44 of the complaint.

45.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶45 of the complaint.

46.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶46 of the complaint.

47.    Denies the allegations contained in ¶47 of the complaint.

48.    With respect to the allegations contained in ¶48 of the complaint, admits that there was a conversation with McKeehan subsequent to the merger announcement, however; denies

that part of the allegation concerning the substance of that conversation; further denies any

wrongdoing in connection with, or arising from the said conversation.

     49.     In response to the allegations contained in ¶49 of the complaint, repeats and

reiterates what is set forth in ¶1 through ¶48 above.

     50.     Denies the allegations contained in ¶50 of the complaint.

     51.     Denies the allegations contained in ¶51 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

     1.     Fontanetta did not, at any time relevant herein, possess any non-public

information concerning Animas.  The source of Fontanetta's information and belief was, at all

times relevant herein, publically available, and it was from those publically available sources that

Fontanetta derived his information and belief concerning Animas.

## SECOND AFFIRMATIVE DEFENSE

     2.     Fontanetta did not, at any time relevant herein, owe Animas, Animas'

shareholders or the source of Fontanetta's information and belief,  any duty of trust and

confidence with respect to Fontanetta's conversations with McKeehan or McKeehan's daughter

concerning Animas.

## THIRD AFFIRMATIVE DEFENSE

     3.     Fontanetta did not, at any time relevant herein, owe J&J, J&J's

shareholders or the source of Fontanetta's information and belief,  any duty of trust and

confidence with respect to Fontanetta's conversations with McKeehan or McKeehan's daughter

concerning Animas.

## FOURTH AFFIRMATIVE DEFENSE

4.       Fontanetta did not, at any time relevant herein, use any non-public information concerning Animas.  The source of Fontanetta's information and belief was, at all times relevant herein, publically available, and it was from those publically available sources that Fontanetta derived his information and belief concerning Animas.

## FIFTH AFFIRMATIVE DEFENSE

5.       Fontanetta did not have any agreement with anyone to keep his information and belief concerning Animas confidential.

## SIXTH AFFIRMATIVE DEFENSE

6.       Fontanetta did not have any reasonable expectation that his information and belief concerning Animas should be kept confidential.

## SEVENTH AFFIRMATIVE DEFENSE

7.       The information gotten by Fontanetta and passed along by him to McKeehan and McKeehan's daughter did not belong to Animas.

## EIGHTH AFFIRMATIVE DEFENSE

8.       Fontanetta did not engage in any act or practice falling under the definition of a "deceptive device" as prohibited by §10(b) of the Securities Act of 1934 and rule 10b-5 promulgated thereunder.

## NINTH AFFIRMATIVE DEFENSE

9.       The complaint fails to allege the requisite scienter and/or *mens rea* for prohibited conduct under  §10(b) of the Securities Act of 1934 and rule 10b-5 promulgated thereunder.

## TENTH AFFIRMATIVE DEFENSE

10.      The complaint fails to allege fraud with requisite particularity and specificity.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    The complaint fails to identify any specific, material, non-public information possessed by Fontanetta.

## TWELFTH AFFIRMATIVE DEFENSE

12.    The complaint fails to identify any specific, material, non-public information used by Fontanetta.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    The complaint fails to identify the source any specific, material, non-public information possessed by Fontanetta.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    The complaint fails to identify the source any specific, material, non-public information used by Fontanetta.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    The complaint fails to state a claim for which relief can be granted as against Fontanetta.

**WHEREFORE**, defendant Joseph A. Fontanetta respectfully demands (a) judgment dismissing the complaint and each and every claim for relief set forth therein; (b) his costs and disbursements, including reasonable attorney's fees it has incurred by virtue of this action to the fullest extent permitted by rule or law, and; (c) such relief as may be deemed just and proper.

Defendant Joseph A. Fontanetta demands a trial by jury of all issues in this action.

Dated: Westbury, New York
       August 28, 2008

                                         RANDY SCOTT ZELIN, P.C.

                              By:
                                         RANDY SCOTT ZELIN (RZ-2387)
                                         675 Old Country Road
                                         Westbury, New York 11590
                                         516.997.6900


                                         LAW OFFICE OF DOUGLAS T. BURNS

                              By:
                                         DOUGLAS T. BURNS (DB-6055)
                                         675 Old Country Road
                                         Westbury, New York 11590
                                         516.997.3200


                                         Attorneys for Defendant Joseph A. Fontanetta

To:
       Nuriye C. Uygur, Esq., et al.
       Securities and Exchange Commission
       Attorneys for plaintiff
       Philadelphia Regional Office
       701 Market St., Suite 2000
       Philadelphia, PA 19106

UNITED STATES DISTRICR COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

                                                Case No. CV 08 5112 (JSR)

        -against-

JOSEPH A. FONTANETTA and BURR B. McKEEHAN,

                              Defendants.
-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

        Donna Marie Patti, being duly sworn, deposes and says:

        1.      On September 2, 2008, your deponent, who is not a party to the within

action, is over 18 years of age and resides in the State of New York, County of Nassau,

served the within Answer by ECF, Fax and depositing a true copy of same in a properly

addressed wrapper in an official depository under the exclusive care and custody of the

United States Mail Service within the State of New York, to the following persons' last

known addresses:

Nuriye C. Uygur, Esq., et al.
Securities and Exchange Commission
Attorneys for Plaintiff
Philadelphia Regional Office
701 Market St., Suite 2000
Philadelphia, PA 19106

                                        DONNA MARIE PATTI

**Sworn to before me on**

**this  day of September, 2008**

**Notary Public**

RANDY SCOTT ZELIN
Notary Public, State of New York
No. 02ZE6003819
Qualified in Suffolk County
Commission Expires March 30, 20____

Case No. CV 08 5112 (JSR)        Year   2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff,

            - against -

JOSEPH A. FOPNTANETTA and BURR B. McKEEHAN,

                                        Defendants.

## ANSWER

### RANDY SCOTT ZELIN, P.C.
*Attorney(s) for* DEFENDANT FONTANETTA
675 Old Country Road
Westbury, New York  11590
516.997.6900
Fax 516.997.3278

To:
Attorney(s) for

Service of a copy of the within                    is hereby admitted

*Dated,*

                    ........................................................
                    Attorney(s) for

SIR:  PLEASE TAKE NOTICE

*NOTICE OF*     that the within is a (certified) true copy of a                entered in the office of the clerk of the
*ENTRY*         within named Court on                    2007

*NOTICE OF*     that an Order of which the within is a true copy will be presented for settlement to the Hon.
*SETTLEMENT*           one of the judges of the within named Court, at
                on           2007, at      M.

*Dated:*

                              Yours, etc.,
                              RANDY SCOTT ZELIN, P.C.
                              *Attorney for* Defendant
                              675 Old Country Road
                              Westbury, New York  11590
                              516.997.6900

To:
        Attorney(s) for